JUDICIAL
MULTIDISTRICT
FILE

JAN 15

PATRICIA D. HOWARD
CLERK OF THE P.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE G. D. SEARLE & CO. "COPPER 7" IUD ) DOCKET NO. 404
PRODUCTS LIABILITY LITIGATION )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN,* CHAIRMAN, AND ANDREW A. CAFFREY,
ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND
ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

Four actions are presently before the Panel in this litigation, one each pending in the District of Massachusetts, the District of New Mexico, the Northern District of California, and the District of Rhode Island.[1/] The complaint in each action alleges that plaintiff(s) suffered injuries as a result of the use, after insertion by a physician, of an intrauterine contraceptive device made of copper. This device, known as a "Cu-7," was manufactured and marketed

---

\*   Judge Gurfein took no part in the decision of this matter.

1/   The original motion filed with the Panel included nine actions pending in nine federal districts. Five of those nine actions, however, had been disposed of prior to the time the Section 1407 motion was filed.
   The parties recently have advised the Panel of at least fifteen additional actions involving the Cu-7, which are pending in a number of different federal districts. The legal theories and alleged injuries involved in these actions are similar to those in the four actions presently before the Panel. G. D. Searle & Co. (Searle) is a defendant in each of the additional actions, and physicians, hospitals and some "Doe" parties are defendants in a few of these actions. Most of these actions were filed recently, although in three actions a discovery cutoff date of January 15, 31, and May 1, 1980, respectively, has been established, and in a fourth action trial is set for February 12, 1980.

by G. D. Searle & Co. (Searle). The plaintiffs in the actions before the Panel allege that the Cu-7 caused them to sustain a variety of injuries, including perforation of the abdomen, pain and suffering attendant to the surgical removal of the Cu-7, undesired pregnancies, and loss of consortium. One action names as defendants Searle and numerous "Doe" defendants; Searle is the sole defendant in the remaining three actions. Plaintiffs rely on one or more of the following legal theories, inter alia: negligence in the design, testing, manufacture, inspection, marketing, advertising and distribution of the Cu-7; negligent failure to warn the prospective wearer of the dangers of the Cu-7; breach of express and/or implied warranties; and strict liability.

Searle makes the following representations regarding the status of these four actions. Discovery has nearly been completed in the Massachusetts action, with depositions of local witnesses the only remaining matters. Discovery is also well advanced in the New Mexico action, with only depositions of the plaintiff, her physician and her expert witnesses, if any, yet to be taken. In the Rhode Island action, the court has established June 2, 1980, as the discovery cutoff date. Finally, discovery has commenced in the California action, and that action is scheduled to go to arbitration under a Northern District of California

local rule on or before January 30, 1980.[2/]

Plaintiff in the California action has moved the Panel, pursuant to 28 U.S.C. §1407, to centralize these actions in the Northern District of California, the Eastern District of Michigan, or the District of Kansas. Plaintiff in the New Mexico action joins in this motion.[3/] Searle opposes the motion.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer.

The plaintiffs who favor transfer argue that the actions before the Panel share numerous questions of fact concerning, inter alia, the research, design, testing, manufacture, labeling and promotion of the Cu-7; the representations made by Searle to members of the medical profession for the purpose of promoting the Cu-7; the reliance of the medical profession on the representations of Searle; and the applicability to Searle's conduct of the standards

---

[2/] A subsection of this local rule provides as follows, however:
If either party files and serves a written demand for a trial de novo within thirty days of entry of judgment on the [arbitration] award, that judgment shall immediately be vacated by the clerk and the action shall proceed in the normal manner before the assigned judge.

[3/] Plaintiffs in the other two actions before us have not taken a position concerning the motion for Section 1407 transfer. Plaintiffs in nine of the potential tag-along actions in this litigation, see note 1, supra, however, have joined in or support the motion. These plaintiffs suggest, variously, the Eastern District of Michigan, the Eastern District of Wisconsin and/or the Northern District of California as potential transferee districts.

set forth by the Food, Drug & Cosmetic Act. These plaintiffs assert that the common discovery concerning these issues will be not only voluminous and costly, but also time-consuming and difficult to accomplish. These plaintiffs assert that while Searle has offered to make available to plaintiffs at Searle's headquarters many potentially relevant documents concerning the Cu-7, "there is a general plan and practice by [Searle] to avoid answering interrogatories and making full disclosure of discoverable information necessary for the presentation of a case by a plaintiff to a jury."

Thus, these plaintiffs maintain, Section 1407 transfer is necessary so that a single judge can preside over all pretrial proceedings in this litigation, thereby ensuring that full discovery will take place in an orderly and non-duplicative fashion. In addition, these plaintiffs contend, Section 1407 transfer would eliminate the possibility of conflicting pretrial rulings and conserve the time and effort of the parties, the witnesses and the federal judiciary.

We find these arguments unconvincing. Although we recognize the existence of common questions of fact among these actions, movants have not met their burden of demonstrating that transfer will further the purposes of Section 1407. A careful review of the entire record before the Panel has persuaded us that, under the guidance of the various federal district courts before whom these actions have been pending, the parties have been expeditiously preparing these actions for trial or disposition by other

means.[4/] Under these circumstances, we find that the inherent disadvantages of Section 1407 transfer, see, e.g., In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 254 (J.P.M.L. 1969) (concurring opinion), outweigh the benefits of transfer for coordinated or consolidated pretrial proceedings.

We note that suitable alternatives to transfer under Section 1407 exist in order to minimize the possibility of duplicative discovery. For example, the parties may request from the appropriate district courts that discovery completed in any action and relevant to one or more of the other actions be made applicable to those actions; or the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions.

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

---

[4/] For example, as we have already noted, five of the nine actions that were originally the subject of the motion before us had been disposed of prior to the time the motion was filed. The four actions presently before us appear to be moving expeditiously as well. In addition, Searle has advised us that one action involving a CU-7 has gone to trial in the Southern District of New York, resulting in a judgment for Searle.

DOCKET NO. 404

Schedule A

NORTHERN DISTRICT OF CALIFORNIA

Pamela Berndt v. G. D. Searle & Co.        Civil Action
                                           No. C 79 1008 SC

DISTRICT OF MASSACHUSETTS

George A. Wood, et al. v. G. D. Searle     Civil Action
& Co.                                      No. 77-1751-T

DISTRICT OF NEW MEXICO

Heidi Karin Long v. G. D. Searle & Co.     Civil Action
                                           No. 78-585B

DISTRICT OF RHODE ISLAND

Barbara Pascale v. G. D. Searle & Co.      Civil Action
                                           No. 78-0217